YVONNE T. RODRIGUEZ, Justice *608 M.M. has filed a motion challenging the trial court's order finding that M.M. can afford to pay costs in the above-styled and numbered cause.[1] See TEX.R.CIV.P. 145(g)(3) (authorizing interlocutory challenge of trial court's order issued under Rule 145 ). Finding that the trial court abused its discretion, we grant the motion and sustain M.M.'s challenge to the trial court's order.
FACTUAL SUMMARY
Appellees, M.C. and L.S., filed a petition seeking to terminate M.M.'s parental rights to A.M. and to adopt the child. M.M. is represented in the trial court and on appeal by Texas RioGrande Legal Aid, Inc. (TRLA). M.M. answered, and filed, on May 4, 2016, a declaration of inability to pay costs in accordance with the former version of TEX.R.CIV.P. 145. On August 30, 2016, Appellees filed a contest to the declaration on the ground that M.M. does not qualify to be represented by TRLA because his income exceeds the IOLTA income guidelines for representation under the Texas Access to Justice Foundation funding requirements for TRLA.
The trial court did not rule on the contest prior to September 1, 2016. On that date, the amended version of Rule 145 became effective. See Supreme Court Order of Aug. 31, 2016, Misc. Docket No. 16-9122 (final approval of amendments to Texas Rules of Civil Procedure and Texas Rules of Appellate Procedure). The amended rules "apply to any contest of, or challenge to, a claim of inability to afford payment of court costs that is pending on September 1 [2016]." Id. M.M. filed the required statement in the form provided by the Texas Supreme Court. He also filed an amended response to Appellees' contest. Appellees subsequently filed an amended motion contesting M.M.'s statement of inability to pay costs. Following a hearing, the trial court entered an order sustaining the amended contest and finding that M.M. is able to pay costs. M.M. timely filed a motion challenging the trial court's order as permitted by TEX.R.CIV.P. 145(g). The clerk's record and reporter's record have been filed. Appellees were given an opportunity to file a response to the motion, but none has been filed.
PROCEEDING WITHOUT PAYMENT OF COSTS
The amended version of Rule 145 provides that a party who files a Statement of Inability to Afford Payment of Court Costs cannot be required To Pay Costs Except By Order of the Court as Provided By Rule 145 of the Texas Rules of Civil Procedure. TEX.R.CIV.P. 145(a). The comment to Rule 145 emphasizes that "[a]ccess to the civil justice system cannot be denied because a person cannot afford to pay court costs." TEX.R.CIV.P. 145, cmt. The filing of a Statement of Inability to Afford Payment of Court Costs is all that is needed to require the clerk to provide ordinary services without payment of fees and costs. TEX.R.CIV.P. 145, cmt.
M.M. filed the required Statement in the form provided by the Texas Supreme Court. Consistent with Rule 145(e), M.M. asserted in his Statement that he is being represented by an attorney who is providing free legal services to him, without contingency, through a provider funded by the Texas Access to Justice Foundation *609 or the Legal Services Corporation. See TEX.R.CIV.P. 145(e)(2)(A). M.M. is represented in the trial court and on appeal by TRLA. M.M. also declared in his Statement that he is unable to afford court costs. Thus, M.M. is entitled to proceed without payment of costs unless the clerk, a party, an attorney ad litem, or the court reporter filed a motion to require him to pay costs, or the trial court, on its own motion, required M.M. to prove the inability to pay costs. See TEX.R.CIV.P. 145(f). The motion must comply with the requirements of Rule 145(f). See TEX.R.CIV.P. 145(f) (stating that the trial court "may order the declarant to pay costs only as follows ....").
Appellees filed a motion under Rule 145(f)(1) to require M.M. to pay costs. This rule states that the court may order the declarant to pay costs only if the motion contains sworn evidence, not merely on information and belief: "(A) that the Statement was materially false when it was made; or (B) that because of changed circumstances, the Statement is no longer true in material respects." TEX.R.CIV.P. 145(f)(1). The amended motion filed by Appellees includes factual assertions, but it is not supported by sworn evidence. The motion is based solely on the sworn statement of counsel that she had a "good faith belief" that M.M.'s statement was "materially false when it was made and/or because of changed circumstances, the Statement is no longer true in material respects."
At the outset of the hearing, M.M. argued that Appellees' motion was not based on sworn evidence. In response, Appellees' counsel directed the trial court's attention to documents attached to the original contest filed by Appellees, but that motion was not sworn. She also argued that the amended motion referenced facts which are supported by her sworn statement. Counsel did not swear that the documents attached to the original contest are true and correct copies. Likewise, she did not swear that the facts alleged in the amended motion are based on her personal knowledge and are true and correct. She swore only that she had a "good faith belief" that M.M.'s statement was materially false when it was made or it was no longer true in material respects due to changed circumstances. We conclude that the amended motion challenging M.M.'s statement of inability to pay costs is not based on sworn evidence. Consequently, it is insufficient to authorize the trial court to conduct a hearing or enter an order finding that M.M. has the ability to pay costs.
The only other possible basis for the trial court's order is found in Rule 145(f)(4). Under this rule, the trial court may, on its own motion, require the declarant to prove the inability to afford costs if evidence comes before the court that the declarant may be able to afford costs, or when an officer or professional must be appointed in the case. See TEX.R.CIV.P. 145(f)(4). The trial court appointed an attorney ad litem to represent the child. The comment to the 2016 amendment to Rule 145 notes that the trial court always retains discretion to require evidence of an inability to afford costs. See TEX.R.CIV.P. 145, cmt.
The evidence shows that M.M.'s current average net monthly income is $1,437 per month and his monthly expenses are $1,439.20. M.M. is currently employed by a landscaping business in Arizona, Rainfall Maintenance Services, and he makes $11.50 per hour. He also has outstanding debts of more than $8,000, including a debt of $6,500 owed to an attorney in Arizona. M.M. acknowledged that he owes the debt to his former attorney, but he is unable to make regular monthly payments. In October 2015, M.M. filed a pleading in a child support proceeding stating that his income was $1,558 a month, or approximately $121 *610 per month more than what he stated on his Statement of Inability. His tax returns showed that his gross income in 2013 was $34,646, and in 2014 it was $36,448. During those two tax years, he worked for Custom Crowns Distributing, and he also worked for his father who is a welder. He no longer works for Custom Crowns Distributing. In 2015, his total wages from Rainfall Maintenance was $15,307.02. M.M.'s pay stub for the period ending on August 30, 2016 showed that his total wages from Rainfall Maintenance was $12,984.90. When asked whether he had worked for his father in 2016, M.M. testified that he had not seen his father in quite a while and he could not remember whether he had done any work for him in 2016. M.M.'s bank statements also reflected deposits of $986.55 and $955.05 in July 2016. M.M. explained that these deposits were loans he had obtained from a company, but it was a scam. The bank statement for July-August 2016 showed that both of the checks were returned unpaid, resulting in a negative balance of more than $1,500. Bank statements admitted into evidence show that M.M. made cash deposits of $1,111.99 to his checking account in 2016. When asked to explain the additional cash deposits, M.M. testified that he had borrowed money from his parents and brother, and he had also received assistance from his church.
At the conclusion of the hearing, the trial court found that M.M.'s average monthly income is $1,437 per month, or $17,244 per year.[2] Based on this finding, the trial court concluded that M.M. is above the federal poverty guidelines, and therefore, he is able to afford to pay court costs and fees. In reaching this conclusion, the trial court did not consider M.M.'s total monthly expenses or his outstanding debts. By focusing exclusively on income and disregarding expenses, the trial court did not properly consider whether M.M. can afford to pay costs . Under the current version of Rule 145, this is the critical inquiry. See TEX.R.CIV.P. 145, cmt. ("The issue is not merely whether a person can pay costs, but whether the person can afford to pay costs. A person may have sufficient cash on hand to pay filing fees, but the person cannot afford the fees if paying them would preclude the person from paying for basic essentials, like housing or food."). M.M. established that his monthly expenses exceed his average monthly income of $1,437. We conclude that the trial court abused its discretion by finding that M.M. can afford to pay court costs and fees. Accordingly, we sustain M.M.'s motion, reverse the trial court's order, and render judgment that M.M. is unable to pay court costs and fees.

The underlying case involves a petition to terminate the parental rights of M.M. The opinion will refer to M.M. by his initials in order to protect the identity of the minor child. See Tex.r.app.p. 9.8.

The trial court's order does not include detailed findings as required by Tex.r.civ.p. 145(f)(6). While the court made oral findings at the conclusion of the hearing, the court should make detailed findings in the order. Rather than delay review of the trial court's order by requiring written findings, we have reviewed the order based upon the oral findings.