**DISMISS and Opinion Filed August 1, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00577-CV

### IN THE INTEREST OF V.I.P.M., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-02616-Y**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Chief Justice Burns

This appeal challenges the trial court's interlocutory order directing appellant to pay part of the fees of an amicus attorney appointed for the child pursuant to Texas Family Code section 107.021. *See* TEX. FAM. CODE ANN. § 107.021. Under well-settled law, an appeal from an interlocutory order may only be taken if authorized by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Section 107.021 does not authorize an appeal, and no other statute does either. *See* FAM. § 107.21; *In re Villanueva*, 292 S.W.3d 236, 246 (Tex. App.—Texarkana 2009, orig. proceeding). However, in his docketing statement and in a jurisdictional letter brief filed at our direction, appellant, who filed in the trial court a statement of

inability to afford payment of court costs, asserts we have jurisdiction under Texas Rule of Civil Procedure 145. *See* TEX. R. CIV. P. 145 (concerning payment of costs when party files statement of inability to pay). We disagree.

Under Rule 145, unless certain procedural requirements are satisfied, a trial court is prohibited from ordering a party to pay costs, including fees for court appointed professionals, when that party has filed a statement of inability to pay costs. *See id.* The rule authorizes an interlocutory appeal from an order requiring the party to pay costs, but the order must be issued "under *this rule.*" *See id.* 145(g)(1) (emphasis added). The order here was issued pursuant to section 107.021, not rule 145.[1]

Because an interlocutory appeal from an order appointing an amicus attorney under section 107.021 is not authorized, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *Villanueva*, 292 S.W.3d at 246.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

230577F.P05

---

[1] In his letter brief, appellant cites to *In re A.M.*, 557 S.W.3d 607 (Tex. App.—El Paso 2016, no pet.) and *In re Villanueva*, 292 S.W.3d 236 (Tex. App.—Texarkana 2009, orig. proceeding) in support of his argument that rule 145 authorizes the appeal. *A.M.*, however, was an appeal from an order under rule 145–an order sustaining a contest to appellant's statement of inability to afford costs and finding appellant able to pay costs. *See In re A.M.*, 292 S.W.3d at 608. The appellate court in *Villanueva* granted a petition for writ of mandamus; that case was not an interlocutory appeal. *In re Villanueva*, 292 S.W.3d at 246. In that case, the trial court appointed an attorney ad litem and ordered appellant, who filed an affidavit of inability to pay costs, to pay a portion of the associated fees. *Id.*

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF V.I.P.M., A CHILD

No. 05-23-00577-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-13-02616-Y.
Opinion delivered by Chief Justice Burns, Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered August 1, 2023.