COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § | No. 08-24-00126-CV |
|---|---|---|
| IN THE INTEREST OF | § | Appeal from the |
| L.R.P. and I.M., | § | 388th Judicial District Court |
| Minor Children. | § | of El Paso County, Texas |
|  | § | (TC# 2021DCM2663) |

## MEMORANDUM OPINION

Movant Israel Mendoza III filed a petition to terminate the parental rights to L.R.P. and I.M. based on mistaken paternity. With his petition, he filed a statement declaring that he could not afford to pay court costs. After a hearing challenging that statement, the trial court ordered that he pay $250 "as a reasonable filing fee." Mendoza filed a motion with this court challenging that order. Tex. R. Civ. P. 145(g)(1). We reverse the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Mendoza's statement of inability to afford court costs claimed that he was unemployed because of injuries from an accident and that he had no income. He also lists monthly expenses of $2000, consisting of $850 for rent, $100 for food and household supplies, $250 for utilities and telephone, and $800 for child support. On May 1, 2024, the trial court set an indigency hearing for May 10, 2024.

Mendoza's testimony at the hearing was substantially the same as the claims made in his filed statement except that he informed the court that he was receiving $1200 per month in unemployment benefits. No other witnesses testified at the hearing and no other evidence was before the trial court. The total court costs due were $528 and the trial court entered an order for Mendoza to pay $250.

Mendoza timely filed a motion with this Court and challenges the trial court's order on the grounds that he did not receive proper notice, the court disregarded the only evidence before it, and the court failed to make detailed findings.

## STANDARD OF REVIEW AND APPLICABLE LAW

Both the U.S. and Texas Constitutions guarantee that justice is available to everyone, not just those who can afford the costs associated with filing and serving a suit. The Due Process Clause of the Fourteenth Amendment requires exceptions to filing fees and other court costs when those costs stand as a barrier to accessing the justice system. *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971) ("[A] cost requirement, valid on its face, may offend due process because it operates to foreclose a particular party's opportunity to be heard."). Texas has also long recognized the right of indigent people to proceed without payment of costs. Tex. Const. art. 1, § 13; Tex. R. Civ. P. 145; Tex. R. App. P. 20.1; *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) ("The concept that courts should be open to all, including those who cannot afford the costs of admission, is firmly embedded in Texas jurisprudence."); *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 353 (Tex. 1996) ("Our state Constitution and our rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in.").

Texas Rule of Civil Procedure 145 defines the procedure courts must follow to ensure that the rights of indigent litigants are not violated. These rules "were adopted to protect the weak

2

against the strong, and to make sure that no man should be denied a forum in which to adjudicate his rights merely because he is too poor to pay the court costs." *Pinchback v. Hockless*, 538, 164 S.W.2d 19, 19–20 (Tex. [Comm'n Op.] 1942).

Rule 145 requires parties who cannot afford court costs to file a sworn statement detailing their income, other funds, assets, and expenses on a form that is approved by the Texas Supreme Court. Tex. R. Civ. P. 145(b). Once filed, the party can proceed without paying costs unless a proper challenge is raised, the party receives notice and a hearing, and the court issues an order finding that the party can pay all or part of the costs. *Id*. at 145(e), (f).[1] Since the rule was amended in 2016, a declarant can challenge a court's order finding that he can pay costs by filing a motion with the court of appeals within 10 days, with a possible 15-day extension, from the date the order was signed. *Id*. at 145 (g)(1), (2).[2]

We review a trial court's order finding the ability to pay costs for an abuse of discretion. *In Interest of A.M.*, 557 S.W.3d 607, 608 (Tex. App.—El Paso 2016, no pet.); *Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 37 (Tex. App.—San Antonio 2022, no pet.). The trial court abuses its discretion if it acts "in an arbitrary and unreasonable manner or without reference to any guiding rules or principles." *Booker v. Mahmoudi*, No. 05-19-00048-CV, 2019 WL 2266667, at *2 (Tex. App.—Dallas May 24, 2019, no pet.).

---

[1] A trial court can challenge the ability to afford court costs "when evidence comes before the court that the declarant may be able to afford costs or when an officer or professional must be appointed in the case." Tex. R. Civ. P. 145(e)(2). The record does not reflect what triggered this challenge.

[2] This court, as well as others, have allowed for challenges to the trial court's order by motion before the underlying case has been finalized or appealed. *See, e.g.*, *In Interest of A.M.*, 557 S.W.3d 607, 608 (Tex. App.—El Paso 2016, no pet.); *In Interest of N.L.P.*, No. 06-17-00010-CV, 2017 WL 490701, at *1 (Tex. App.—Texarkana Feb. 7, 2017, no pet.) (mem. op.); *Abrigo v. Ginez*, 580 S.W.3d 416, 417 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *but see Interest of P.M.M.*, No. 04-23-00552-CV, 2023 WL 8896898, at *1 (Tex. App.—San Antonio Dec. 27, 2023, no pet.) (mem. op.) (holding that Rule 145 "does not independently authorize an interlocutory appeal" and only allows for a motion to be filed in the court of appeals when there is already an appeal pending.).

## ANALYSIS

### A. Ten-days' notice

Mendoza first argues that the trial court failed to provide ten days' notice of the hearing. On May 1, 2024 the court signed a notice setting the hearing on May 10, giving Mendoza nine days' notice. Mendoza, however, appeared at the hearing and did not object to proceeding. He has not preserved error on any late notice issue. Tex. R. App. P. 33.1(a); *In Interest of B.T.G.*, No. 05-17-00521-CV, 2017 WL 2334243, at *1 (Tex. App.—Dallas May 30, 2017, no pet.) (mem. op.) (recognizing that when the court does not provide the proper notice, error must be preserved by objection unless the party does not appear at the hearing); *Townley v. Lanier*, No. 14-19-00447-CV, 2019 WL 2938897, at *1 (Tex. App.—Houston [14th Dist.] July 9, 2019) (per curiam) (mem. op.), *opinion after reinstatement of appeal*, No. 14-19-00447-CV, 2021 WL 2325082 (Tex. App.—Houston [14th Dist.] June 8, 2021, pet. denied) (mem. op.) (same). We overrule this challenge.

### B. Sufficiency of the evidence to support the order

The only evidence the trial court had before it was Mendoza's filed sworn statement and his testimony. Mendoza testified that he was in a motorcycle accident and was in the hospital for about two months and was not working. He received $600 every two weeks in unemployment benefits. His monthly expenses include $850 in rent, $800 in child support (although only $400 was being deducted from his unemployment benefits), and $10 for a gym membership. Mendoza also testified that he has student loans which go directly to his school to pay tuition and that he owns a 2018 Volkswagon Passat that is paid off. Finally, he stated that his mother and stepfather help him out by sometimes providing him with meals and giving him money for gas. Some of the discussion at the hearing was centered on the merits of the underlying case and trial court's belief

4

that Mendoza could no longer challenge his paternity because a court order had already declared him to be the father.[3]

Based on the evidence before the trial court, Mendoza's expenses were more than his income and he could not afford court costs. True enough, the trial judge must take a measure of the witness's credibility. But "the trial court [is] not free to completely disregard the only evidence establishing [Mendoza's] inability to pay costs when no evidence was offered in rebuttal." *Hollingsworth v. Walaal Corp.*, No. 05-17-00555-CV, 2017 WL 2492788, at \*2 (Tex. App.— Dallas June 9, 2017, no pet.) (mem. op.); *Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.— Fort Worth 1990, no writ) ("Although the trial judge was permitted, even required, to evaluate the credibility of the testimony heard, he may not completely disregard the only positive evidence he heard . . . ."). We discern neither that the order below was based on credibility determinations, nor an arithmetic evaluation of income and expenses.[4] The trial court abused its discretion in disregarding the evidence of Mendoza's inability to pay costs and requiring him to pay a portion of the filing fees.

### C. Requirement to make detailed findings

Mendoza also argues that the order does not comply with Rule 145 because it does not contain "detailed findings." The order is on a pre-printed form with a space to add findings to support the court's order. The trial court wrote in this space "Israel Mendoza III is obligated to pay

---

[3] We express no opinion about the validity of the cause of action and restrict our view solely to merits of the Rule 45 motion.

[4] The trial court's stated rationale invokes other considerations. In explaining to Mendoza that the court did not believe that his underlying claim had any merit, the court said, "Because even though if I allow you to go on a free ride, without paying the filing fees -- which I'm not going to do -- there's no point . . . ." The court later stated, "Well, you have to pay something. . . . There was a judge, [who] passed many, many years ago, that he used to tell me, When you bring a case to court, this is a luxurious thing, you know. You have to pay for it. This is a luxury, so . . . ." But the very reason Rule 145 exists belies that view: "Access to the civil justice system cannot be denied because a person cannot afford to pay court costs." Tex. R. Civ. P. 145, cmt. to 2016 change.

to the District Clerk of El Paso TX $250 as a reasonable filing fee in the instant case."[5] There are no findings about *why* the court made this order. Some courts have remanded for findings in this circumstance. *See Interest of L.A.V.*, No. 14-21-00430-CV, 2021 WL 4270020, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2021, no pet.); *McFadden v. Webb*, No. 03-23-00572-CV, 2023 WL 8040785, at *1 (Tex. App.—Austin Nov. 20, 2023, no pet.). But in this case, the evidence, as discussed above, only allows for one finding. *Hollingsworth*, 2017 WL 2492788, at *2 (reversing the trial court's order to pay costs when there were no detailed findings and the only evidence before the court showed that the declarant could not afford costs). We choose not to delay the case further by remanding for findings.

## CONCLUSION

Mendoza established that he is unable to afford court costs. We grant Mendoza's motion challenging the trial court's order requiring him to pay $250 as a filing fee. The trial court is directed to allow Mendoza to proceed without payment of court costs.

JEFF ALLEY, Chief Justice

June 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[5] The pre-printed portion contains a line that reads: "the Court concludes that the declarant can / cannot pay costs . . . ." The trial court did not circle either option.