

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00320-CV

---

In the matter of the name change of D. A. M.-F., a child.

---

On Appeal from the 388th District Court
El Paso County, Texas
Trial Court No. 2025DCM5482

---

## MEMORANDUM OPINION

Augusto J. Martinez and Evelyn Franco[1] filed a notice of appeal with this Court

challenging the trial court's order rejecting Martinez's declaration of inability to afford payment

---

[1] Only Martinez signed and filed the statement of inability to afford payment of court costs in the trial court. As well, the trial court order only orders him to pay court costs. Still, both Martinez and Franco individually signed the notice of appeal and they both individually signed their brief in support. Texas Rule of Civil Procedure 145(g) provides that only the declarant of a statement of inability to afford payment of costs may challenge a trial court's order requiring payment of costs. *See* Tex. R. Civ. P. 145(g). Because Evelyn Franco is not a declarant proceeding under Rule 145, and because no order is entered against her, she has no standing to proceed as a party in this appellate review. *See* Tex. R. Civ. P. 145(g) (providing that only a declarant may challenge a trial court's Rule 145 order). We deny Franco's appeal for lack of jurisdiction, and we proceed to address the error assigned by Martinez.

of court costs and ordering him to pay the sum of $350 as cost. Martinez and Franco are the parents of D.A.M.F., a minor child. In the underlying trial court proceeding, they jointly filed a petition seeking a name change for their child. We construe their notice of appeal as motions for review of the trial court's order. *See* Tex. R. Civ. P. 145(g). Because Franco did not file a declaration of inability to afford payment of court costs in the trial court, and she is not a party to the trial court's order, we dismiss her motion for review for lack of jurisdiction. Otherwise, after reviewing the record on appeal, we grant Martinez's motion for review, reverse the trial court's order, and we direct the trial court to allow Martinez to proceed without payment of court costs.

## I. BACKGROUND

On October 14, 2025, Augusto J. Martinez and Evelyn Franco, self-represented parties, filed a petition to change the name of their minor child, D.A.M.F. The child, who is over the age of 14, also filed a written consent to the name change. On the same day, Martinez filed a Statement of Inability to Afford Payment of Court Costs using the form approved by the Supreme Court of Texas. He declared under penalty of perjury that the information he provided was true and correct. Neither the trial court clerk nor the official court reporter challenged Martinez's statement. On November 18, 2025, the trial court signed an order for payment of court costs stating therein that it held an oral evidentiary hearing to determine whether Martinez could afford to pay costs. The trial court ordered Martinez to pay the $350 filing fee toward his case by December 19, 2025. Martinez timely filed a notice of appeal challenging the trial court's order. *See* Tex. R. Civ. P. 145(g) (authorizing challenge in court of appeals).

## II. PROCEEDING WITHOUT PAYMENT OF COSTS

### A. Applicable law and standard of review

Texas has long recognized the right of indigent people to proceed without payment of costs. Tex. Const. art. 1, § 13; Tex. R. Civ. P. 145; Tex. R. App. P. 20.1; *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) ("The concept that courts should be open to all, including those who cannot afford the costs of admission, is firmly embedded in Texas jurisprudence."); *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 353 (Tex. 1996) ("Our state Constitution and our rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in.").

Texas Rule of Civil Procedure 145 exempts a party from paying court costs if the party files a statement that he does not have the funds to pay. Tex. R. Civ. P. 145(b). A statement of inability to pay that is uncontested in the trial court is conclusive as a matter of law. *See Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016). "It is an abuse of discretion for any judge . . . to order costs in spite of an uncontested affidavit of indigence." *Id.* at 152.

The district clerk, a court reporter, or an opposing party may file a motion in the trial court to challenge the declarant's claim of indigency. Tex. R. Civ. P. 145(e)(1). Any such motion "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." *Id.* Alternatively, the trial court "on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs or when an officer or professional must be appointed in the case." Tex. R. Civ. P. 145(e)(2). Rule 145 further provides that a declarant must not be ordered to pay costs unless: (1) the trial courts holds "an oral evidentiary hearing"; (2) the declarant receives at least "10 days' notice of the hearing"; and (3)

the trial court makes "detailed findings that the declarant can afford to pay costs." Tex. R. Civ. P. 145(f)(1), (2).

"At the hearing, the burden is on the declarant to prove the inability to afford costs." Tex. R. Civ. P. 145(f)(1). "In the trial court, the test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam).

A trial court's order determining the ability to pay court costs is reviewed for an abuse of discretion. *In Interest of A.M.*, 557 S.W.3d 607, 608 (Tex. App.—El Paso 2016, no pet.); *Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 37 (Tex. App.—San Antonio 2022, no pet.). A trial court does not abuse its discretion unless its ruling is arbitrary, unreasonable, or made without reference to guiding rules or principles. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998).

**B. Analysis**

On appeal, Martinez asserts the trial court misapplied Texas Rule of Civil Procedure 145 and other principles supporting access to justice. He contends the trial court conducted a hearing "improperly due to the lack of organization of the court." Specifically, he claims he was "questioned" by the court clerk regarding the accuracy of his income; that he never saw the presiding judge; and no court reporter was present. Instead, he was "questioned" by the court clerk regarding the accuracy of his income. He argues the trial court hearing was defective.

Upon receipt of a notice of appeal, the official court reporter of the district court at issue filed two letters with this Court. First, on November 26, 2025, she informed us that Martinez had declined a hearing, and no record existed. Second, on January 8, 2026, she provided further

information, clarifying that Martinez had appeared and a county attorney spoke with him. The January 8 letter further stated that "based on recommendation from [the county attorney] and documents provided plus clarification of statement[,] [the] judge recommended not qualified and full cost to be paid." Lastly, the January 8 letter again informed this Court that Martinez declined to have a hearing and he accepted the order to pay $350.

On review of our record, we note that neither the district clerk nor the court reporter filed a motion with sworn evidence contesting Martinez's declaration. Tex. R. Civ. P. 145(e)(1) (setting forth requirements for a motion requiring payment of costs filed by the clerk, the reporter, a party, or the court). Moreover, there is nothing in the record showing the trial court sua sponte sought to require Martinez to prove the inability to pay. Tex. R. Civ. P. 145(e)(2). Further, the record reflects that Martinez did not receive the required ten days' notice of a hearing on his statement, and the trial court did not hold the mandatory evidentiary hearing on his statement. *See* Tex. R. Civ. P. 145(f)(1) ("The declarant must not be required to pay costs without an oral evidentiary hearing. The declarant must be given 10 days' notice of the hearing."). To the extent the court reporter represents that Martinez declined to have a hearing, there is no support in the record to show Martinez properly waived his right to a hearing.

Because Martinez's sworn statement was uncontested in the trial court, it was conclusive as a matter of law. *See Campbell*, 487 S.W.3d at 152; Tex. R. Civ. P. 145(f). Accordingly, on the record presented, the trial court abused its discretion by ordering Martinez to pay costs.

### III. CONCLUSION

We deny Franco's motion for review for lack of jurisdiction. We grant Martinez's motion for review, reverse the trial court's order, and direct the trial court to allow Martinez to proceed without payment of court costs.

GINA M. PALAFOX, Justice

February 11, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.