

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00070-CV

---

In the Matter of the Name Change of A.J.G., a Child.

---

On Motion for Review from the 388th District Court
El Paso County, Texas
Trial Court No. 2025DCM4886

---

## MEMORANDUM OPINION

Y.S. filed a petition seeking a name change of her minor child, A.J.G., together with a statement of inability to pay court costs. The trial court found that she was able to pay reduced court costs and fees of $400. Y.S. appealed from the order, which we construe as a Rule 145 motion for review of the court's order. *See* Tex. R. Civ. P. 145(f), (g)(1). Based on the record before us, we conclude Y.S. provided uncontroverted evidence of her inability to pay costs, and the trial court ordered her to pay costs without holding a hearing or receiving any evidence to support its finding that Y.S. was able to pay reduced costs. We therefore grant the motion for review and reverse the

trial court's order, with directions to the trial court to allow Y.S. to proceed with her petition without paying court costs or fees.

## I. BACKGROUND

### A. Proceedings in the trial court

On September 9, 2025, Y.S., representing herself, filed a petition to change the name of her minor child, A.J.G. On the same day, Y.S. filed a Statement of Inability to Afford Payment of Court Costs (the Statement) using the form approved by the Texas Supreme Court. In the Statement, she averred that she and/or her dependents were receiving food stamps, Medicaid, and WIC benefits;[1] that the total she received in public assistance was $768 per month; and that her take-home pay was between $600 and $1,000 per month based on her employment as a "substitute teacher monitor" for Fabens I.S.D. as well as her employment with J.M. Roofing Construction. She listed her assets as $140 in bank accounts and a car valued at $1,500, for a total value of $1,640.[2] Y.S. listed monthly expenses totaling $2,205, which included a payment of $805 for "rent/house payments," with the remaining expenses for food, utilities, clothing/laundry, insurance, and transportation costs. Y.S. declared under penalty of perjury that the information she provided in the Statement was true and correct.

Neither the trial court clerk nor the official court reporter challenged the Statement. However, the trial court issued four orders setting "indigency hearings" on the Statement, with the

---

[1] Women, Infants, and Children (WIC) is part of the United States Department of Food and Agriculture, which provides federal grants to states for supplemental foods, health care referrals, and nutrition education for low-income, pregnant, breastfeeding, and non-breastfeeding postpartum women, and to infants and children up to age five who are found to be at nutritional risk. *See In re C.J.S.*, 383 S.W.3d 682, 693 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing FNS, USDA, *WIC* (Aug. 30, 2012), http://fns.usda.gov/wic.).

[2] The form states that a declarant is not to include her homestead in the list of her properties, and only to include information regarding a "second house" if applicable.

first setting on October 6, 2025, and the last setting on December 8, 2025.[3] In the interim, on October 10, 2025, Y.S. submitted supporting documentation indicating that her two children were on Medicaid and that she was receiving SNAP benefits.[4]

On December 8, 2025, the trial court entered an "Order for Payment of Court Costs," stating that on the same day, "an oral evidentiary hearing was held to determine whether the declarant, who filed a Statement of Inability to Afford Payment of Court Costs, may be able to pay costs." In the order, the court referenced an "interview process" with someone from the County Attorney's Office and additional information elicited through that process:

> Movant appeared with more recent paystubs. During the interview process with Mr. Joseph Veith of the County Attorneys office, it was disclosed that the Movant is receiving child support for her eldest child. After further discussion, an approximate average of her income employment is $1,240.00, child support amount of $368.00 monthly in cash, public benefits of $768.00 for a total of $2,376.00. It was also disclosed in the interview process that the Movant owns her home located at [] with an approximate value of $137k and own[s] a business YS Roofing, which the Movant alleges is not generating income."

Attached to the order were (1) paystubs from Fabens I.S.D. indicating that Y.S. was paid $91.05 for the pay period from October 18, 2025 to October 31, 2025; (2) a "payroll journal" from Fabens Pharmacy indicating that Y.S. was paid $341.54 for the pay period from "1/25 to 12/25"; (3) a printout with the address of a business known as "YS Roofing" in Fabens, Texas; and (4) a printout from the El Paso Central Appraisal District indicating that Y.S. owned a home at that same address in Fabens, which had an appraised value of $137,541 in 2025. In its order, the court determined that the fees and costs in the case totaled $619 and ordered Y.S. to pay a "reduced cost

---

[3] The court issued orders setting hearings for October 6, 2025, December 4, 2025, December 5, 2025, and December 8, 2025. In her notice of appeal, Y.S. stated that the initial court setting was continued as the court clerk informed her that she needed to submit her pay stubs prior to the hearing. It is unclear why the other court settings were not reached.

[4] In 2008, Congress renamed the Food Stamp Act, and currently, the benefits delivered to participants in the program are known as SNAP benefits (Supplemental Nutrition Assistance Program benefits) rather than food stamps. *See Coleman v. State*, 696 S.W.3d 148, 152 (Tex. App.—Beaumont 2023, no pet.) (citing Agricultural Security Improvement Act of May 22, 2008, Pub. L. 110-234, Title IV, § 4001, 122 Stat. 923).

of $400."[5] The court's order, however, did not make any reference to Y.S.'s monthly expenses or otherwise indicate how it determined that Y.S. was able to pay that amount.

After the trial court issued its order, Y.S. filed a "supplemental affidavit" to clarify her current employment status, averring that she was no longer employed at J.M. Roofing, and she attached a letter from J.M. Roofing's president stating that her last day of employment was September 1, 2025. Y.S. further averred that she started her employment with Fabens Pharmacy on September 23, 2025, and she submitted a second "payroll journal" from Fabens Pharmacy indicating that she was paid $2,242.94 for the pay period from 10/17/2025 to 12/02/2025.

## B. Proceedings in this Court

Y.S. timely appealed, challenging the court's order requiring her to pay reduced court costs. *See* Tex. R. Civ. P. 145(g)(1–2) (authorizing declarant to challenge a trial court's order denying a statement of inability to pay court costs in court of appeals by filing a motion for review within ten days after the trial court's order is signed); *Matter of Marriage of Duke & Terrell*, No. 04-23-00144-CV, 2024 WL 1292414, at *1 (Tex. App.—San Antonio Mar. 27, 2024, no pet.) (construing party's notice of appeal as a motion for review under Rule 145). The official court reporter of the district court thereafter filed a letter with this Court, informing us that "no record was taken in this case," and that "[t]here was an interview with Mr. Veith with the County Attorney's Office." According to the letter, "the information and documents were provided to Judge Gonzalez," and "[t]here is an order on file with details and exhibits."

Upon receipt of the notice of appeal, we issued an order directing the court clerk and the court reporter to prepare and file with this Court the record of all trial court proceedings on Y.S.'s

---

[5] The court noted in the order that the filing fee for Y.S.'s petition was $350 and that the "fees for request for sheriffs processing fee plus citation request which the Movant requested twice is $266.00 ($133 each time) [was] a total of $619.00 [sic]."

4

petition. In our order, we noted that the trial court's order stated that "an oral evidentiary hearing" took place, and we were required to have a complete record of all of the proceedings in the case pursuant to Texas Rule of Civil Procedure Rule 145(g)(3). Tex. R. Civ. P. 145(g)(3) ("After a motion is filed, the court of appeals must promptly send notice to the trial court clerk and the court reporter requesting preparation of the record of all trial court proceedings on the declarant's claim of indigence."). We further stated that if the records were not available, the clerk and reporter were to indicate why such records are not available or do not exist. The court clerk timely filed the clerk's record, but the court reporter did not provide any additional response to our order.

## II. Y.S.'S ARGUMENTS

Y.S. asserts that the trial court abused its discretion in several respects by ordering her to pay court costs. First, she contends the court failed to hold an oral evidentiary hearing as required by Texas Rule of Civil Procedure Rule 145, and that instead, she was questioned by the county attorney and the "court coordinator" about her affidavit and income without the trial court present. According to Y.S., at the close of questioning, she was "ordered to pay discounted court costs," but the county attorney informed her that she could make payment arrangements, or in the alternative, the court could schedule a hearing at which she could "formally testify before the judge." Although Y.S. asserts that she informed the county's attorney she wanted a hearing, no hearing was set; instead, the trial court issued its order requiring her to pay reduced costs.

Y.S. further maintains that she presented uncontroverted evidence of her inability to pay costs and that the trial court "deviated from Rule 145" by requiring her to pay reduced costs, as "no timely written contest appears in the record and the order contains no findings explaining [her] partial ability to pay[.]" As a remedy, she requests that we reverse the trial court's order and declare that she is entitled to proceed without payment of costs. In the alternative, she asks us to remand

5

to the trial court with directions to hold an oral evidentiary hearing and to make proper findings pursuant to Rule 145.

We conclude that the trial court abused its discretion by failing to follow the Rule 145 requirements prior to ordering Y.S. to pay costs and that the proper course of action is to reverse the trial court's order and direct the court to allow Y.S. to proceed without payment of costs or fees, given the uncontradicted evidence in the record of her inability to pay.

## III. THE TRIAL COURT ERRED IN REQUIRING PAYMENT OF COSTS

### A. Applicable law and standard of review

Both the U.S. and Texas Constitutions make justice available to everyone, not just those who can afford the costs associated with filing and serving a suit. *See In re L.R.P.*, No. 08-24-00126-CV, 2024 WL 3189669, at *1 (Tex. App.—El Paso June 26, 2024, no pet.). The Due Process Clause of the Fourteenth Amendment requires exceptions to the payment of filing fees and other court costs when those costs stand as a barrier to accessing the justice system. *Id.* (citing *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971) ("[A] cost requirement, valid on its face, may offend due process because it operates to foreclose a particular party's opportunity to be heard.")).

Texas has long recognized the right of people who are indigent to proceed without payment of costs. *Id*. (citing Tex. Const. art. 1, § 13; Tex. R. Civ. P. 145; Tex. R. App. P. 20.1; *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) ("The concept that courts should be open to all, including those who cannot afford the costs of admission, is firmly embedded in Texas jurisprudence."); *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 353 (Tex. 1996) ("Our state Constitution and our rules of procedure recognize that our courts must be open to all with legitimate disputes, not just those who can afford to pay the fees to get in.")).

Rule 145 of the Texas Rules of Civil Procedure was adopted as a procedure for litigants to establish their inability to pay court costs. It requires a party, referred to as a "declarant," who cannot afford to pay costs to file a "Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information" and defines a sworn statement as "one that is signed before a notary or made under penalty of perjury." Tex. R. Civ. P. 145(b). Rule 145 provides that the "declarant should submit with the Statement any available evidence of the declarant's inability to afford payment of costs." Tex. R. Civ. P. 145(d). It renders as "prima facie evidence" of the declarant's inability to pay court costs an attachment demonstrating that "the declarant or the declarant's dependent receives benefits from a means-tested government entitlement program." Tex. R. Civ. P. 145(d)(1). To overcome the prima facie force of this evidence, there must be evidence that the party is not dependent on public assistance or that she has other funds available that would allow her to pay court costs. *See Booker v. Mahmoudi*, No. 05-19-00048-CV, 2019 WL 2266667, at \*2–3 (Tex. App.—Dallas May 24, 2019, no pet.) (after declarant established a prima facie case that he was financially unable to pay costs, "it was incumbent that evidence be presented that other funds [were] available to [declarant]") (citing *Griffin Indus., Inc.*, 934 S.W.2d at 352)).

A statement of inability to pay that is uncontested or uncontroverted in the trial court is conclusive as a matter of law. *See Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016) (citing *Equitable Gen. Co. Ins. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984)); *see also Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 38 (Tex. App.—San Antonio 2022, no pet.) (citing *Higgins*, 257 S.W.3d at 688–89) (concluding that "[a]n uncontested affidavit of indigence entitles a declarant to proceed without advance payment of costs"). However, the district clerk, a court reporter, or an opposing party may file a motion in the trial court to challenge the declarant's claim of indigency. Tex. R. App. P. 145(e)(1). Any such motion "must contain sworn evidence -- not

merely allegations -- either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." *Id.* Alternatively, the trial court "on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs . . . ." Tex. R. Civ. P. 145(e)(2). Rule 145 further provides that the declarant must be given ten days' notice of the "oral evidentiary hearing." Tex. R. Civ. P. 145(f)(1).

"At the hearing, the burden is on the declarant to prove the inability to afford costs." Tex. R. Civ. P. 145(f)(1); *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). The test for determining a party's inability to afford court costs is whether "the record as a whole show[s] by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so[.]" *Strickland*, 668 S.W.3d at 36 (citing *Higgins*, 257 S.W.3d at 686 (citations omitted)); *see also In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (applying the same "test for determining indigence" when a party seeks a free record for an appeal and to have her appellate costs waived). However, "[t]he central inquiry under rule 145 'is not merely whether [the declarant] can pay costs, but whether [he] can afford to pay costs' and still pay for 'basic essentials, like housing or food.'" *In re A.R.M.*, No. 05-17-00651-CV, 2017 WL 2962830, at *2 (Tex. App.—Dallas 2017, no pet.) (mem. op.); *see also Burns v. Rowe*, No. 03-25-00744-CV, 2025 WL 3465956, at *1 (Tex. App.—Austin Dec. 3, 2025, order) (per curiam) (recognizing same). Stated otherwise, "[t]he party is not . . . expected to secure the necessary funds by depriving himself and his family of the necessities of life or borrowing money he cannot repay." *In re A.R.M.*, 2017 WL 2962830, at *2 (citing *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980) (orig. proceeding); *Goffney v. Lowry*, 554 S.W.2d 157, 159–60 (Tex. 1977) (orig. proceeding); *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. Comm'n App. 1942) (recognizing that although a person may have

sufficient cash on hand to pay fees, he cannot be required to pay court costs if paying them would preclude the person from paying for "basic essentials, like housing or food")); *see also In re R.S.*, No. 05-24-00575-CV, 2024 WL 4223700, at *1 (Tex. App.—Dallas Sept. 18, 2024, no pet.) (recognizing same).

At the conclusion of the hearing, the court "may order that the declarant pay the part of the costs the declarant can afford[.]" Tex. R. Civ. P. 145(f)(3). Rule 145, however, expressly provides that a declarant must not be ordered to pay costs unless: (1) the trial court has held "an oral evidentiary hearing"; (2) the declarant received at least "10 days' notice of the hearing"; and (3) the trial court makes "detailed findings that the declarant can afford to pay costs." Tex. R. Civ. P. 145(f)(1), (2).

A trial court's order determining a party's ability to pay court costs is reviewed for an abuse of discretion. *See In re L.R.P.*, 2024 WL 3189669, at *2 (citing *In re A.M.*, 557 S.W.3d 607, 608 (Tex. App.—El Paso 2016, no pet.); *Strickland*, 668 S.W.3d at 37); *see also Campbell*, 487 S.W.3d at 151 (recognizing that it is "an abuse of discretion for any judge . . . to order costs in spite of an uncontested affidavit of indigence"). A trial court abuses its discretion in denying a party's request to proceed without costs if it acts "in an arbitrary and unreasonable manner or without reference to any guiding rules or principles." *In re L.R.P.*, 2024 WL 3189669, at *2 (citing *Booker*, 2019 WL 2266667, at *2). With respect to the resolution of factual issues, the trial court abuses its discretion if the record establishes it "could reasonably have reached only one decision" and it fails to do so. *See Garza v. Garza*, 155 S.W.3d 471, 475 (Tex. App.—San Antonio 2004, no pet.) (citing *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992)) (concluding that trial court abused its discretion in sustaining challenge to declarant's statement of inability to pay court costs on appeal where declarant's uncontroverted affidavit established that she was unable to pay court costs).

## B. Analysis

Here, neither the district clerk nor the court reporter filed a motion with sworn evidence contesting Y.S.'s declaration as permitted by Rule 145. *See* Tex. R. Civ. P. 145(e)(1). In addition, although the trial court set the matter for an "indigency hearing" sua sponte, there is nothing in the record to suggest that the trial court had any evidence before it to demonstrate that the declarant was able to afford costs, as required by Tex. R. Civ. P. 145(e)(2). To the contrary, when the court set the matter for hearing in December 2025, the only documents on file were: (1) Y.S.'s affidavit, in which she swore under penalty of perjury that she was receiving public assistance and that her monthly expenses outweighed her income; and (2) Y.S.'s supplemental evidence demonstrating that her two children were on Medicare and that she was receiving SNAP benefits. It is unclear on what basis the trial court decided to set the matter for hearing, as nothing in the record shows the court had any evidence before it to suggest that Y.R. had the ability to pay costs. We further note that the trial court did not provide Y.S. with ten days' notice of the hearing, as required by Tex. R. Civ. P. 145(f)(1), as the trial court's order setting the case for an "indigency hearing" on December 8, 2025 was dated December 5, 2025.[6]

More significantly, we note that despite the trial court's express statement in its order that it held an "oral evidentiary hearing," there is nothing in the record to reflect that it held any such hearing, as required by Tex. R. Civ. P. 145(f)(1), before entering its order. To the contrary, the remainder of the court's order, as well as the court reporter's letter, demonstrate that no such hearing was held. Instead, the record reflects that when Y.S. appeared for the time and place set

---

[6] Y.S. did not object to the lack of notice; she appeared at the designated time and place provided in the trial court's order setting the matter for hearing. Therefore, any error in this regard is waived. *In re L.R.P.*, No. 08-24-00126-CV, 2024 WL 3189669, at *2 (Tex. App.—El Paso June 26, 2024, no pet.) (concluding that any error in failing to provide party with ten-day notice was waived where the party appeared at the hearing and did not object to the proceeding).

for the hearing, she was subjected to an "interview" by an individual from the county attorney's office.

Rule 145 itself, as well as the case law interpreting the rule, make it clear that a declarant who has filed a statement of inability to pay costs may not be required to pay costs if the Rule 145 procedural requirements have not been met; those requirements include holding an evidentiary hearing. Tex. R. Civ. P. 145(f)(1); *see also Emerson v. Holly Lake Ranch Ass'n*, 603 S.W.3d 172, 174 (Tex. App.—Texarkana 2020, no pet.) (recognizing that "a party who files a Statement may not be required to pay court costs unless the trial court holds an oral evidentiary hearing, with proper notice given to the declarant"); *Strickland*, 668 S.W.3d at 36 (recognizing that a party who files a statement of inability to afford costs cannot be required to pay costs unless the requirements of Rule 145 are satisfied). Thus, the trial court abused its discretion by failing to conduct the required oral evidentiary hearing before finding that Y.S. was able to pay partial court costs, thereby depriving her of her right to be heard in the matter.[7] *See Espinoza v. FGMS Holdings, LLC*, No. 13-25-00650-CV, 2026 WL 199369, at *4 (Tex. App.—Corpus Christi Jan. 26, 2026, no pet.) (concluding that the trial court abused its discretion by failing to "hold the mandatory evidentiary hearing on Espinoza's statement" as required by Rule 145); *Matter of D.A.M.-F.*, No. 08-25-00320-CV, 2026 WL 391746, at *3 (Tex. App.—El Paso Feb. 11, 2026, no pet.) (recognizing same).

In addition, the court's order did not provide the requisite findings, as required by Texas Rule of Civil Procedure 145(f)(2), detailing how it determined Y.S. was able to pay reduced costs. While the court's order chronicled Y.S.'s monthly income, income is only one factor in determining her ability to pay costs. The court must also consider the party's monthly expenses to determine if

---

[7] We note that the trial court also failed to hold a hearing in another recent case, and instead allowed the court clerk to question the declarant regarding the accuracy of his affidavit and his income. *Matter of D.A.M.-F.*, No. 08-25-00320-CV, 2026 WL 391746, at *2 (Tex. App.—El Paso Feb. 11, 2026, no pet.).

11

she is able to pay court costs; failing to do so is an abuse of discretion. *See In re A.M.*, 557 S.W.3d at 609–10 ("By focusing exclusively on income and disregarding expenses, the trial court did not properly consider whether [the declarant] *can afford to pay costs*." (emphasis in the original)).

Since the record before us allows for only one conclusion, i.e., that Y.S. is entitled to proceed without payment of costs, we need not remand to the trial court for an evidentiary hearing and findings.[8] *See In re L.R.P.*, 2024 WL 3189669, at *3 (declining to remand case to the trial court for the entry of appropriate findings where the record allowed for only one finding, that the declarant was entitled to proceed without paying court costs (citing *Hollingsworth v. Walaal Corp.*, No. 05-17-00555-CV, 2017 WL 2492788, at *2 (Tex. App.—Dallas June 9, 2017, no pet.) (mem. op.) (reversing the trial court's order to pay costs without remand when there were no detailed findings in order supporting its decision, and the only evidence before the court showed that the declarant could not afford costs))); *see also Matter of D.A.M.-F.*, 2026 WL 391746, at *2–3 (reversing trial court's order requiring payment of court costs, without remand, where trial court failed to hold a hearing, but where the uncontroverted evidence established party's inability to pay costs).

In sum, the trial court abused its discretion by failing to follow the requirements of Rule 145 and by disregarding Y.S.'s sworn declaration and supporting evidence, which established

---

[8] Although the court's order stated that after a "discussion," it was determined her income totaled $2,376, this was based on a "finding" that Y.S. was receiving child support payments monthly in the amount of $368, no evidence of which was in the record. And although the trial court stated in its order that Y.S. owns her own home, that finding was based on a printout provided by either the county's attorney or the court coordinator. Even if there were competent evidence of home ownership, there is nothing in the record to suggest that Y.S. could leverage her home to pay court costs without infringing upon the necessities of life or borrowing money she could not repay. *Garza*, 155 S.W.3d at 476 (concluding that the trial court erred by requiring declarant to pay costs on appeal, where the record reflected that her monthly living expenses exceeded her income and she did not have the ability to borrow funds to pay the court costs, or pay back any such loan); *In re A.R.M.*, 2017 WL 2962830, at *2 (recognizing that a party is not expected to secure the necessary funds to pay court costs by depriving himself and his family of the necessities of life or borrowing money he cannot repay (citing *Goffney*, 554 S.W.2d at 159–60) (holding that a litigant seeking to appeal without paying costs is not required to "borrow money which cannot be repaid except by depriving the litigant of the necessities of life")); *see also In re S.V.*, No. 05-23-00324-CV, 2025 WL 2898007, at *2 (Tex. App.—Dallas Oct. 10, 2025, pet. denied) (recognizing same).

that not only was she receiving public assistance, but that her monthly expenses exceeded her income. *See Strickland*, 668 S.W.3d at 38 (trial court abused its discretion in denying declarant's statement of inability to pay courts costs where declarant produced evidence that she was on public assistance, and "[a]gainst this prima facie evidence, there [was] no competent evidence in the record" demonstrating that declarant otherwise had the ability to pay costs); *In re L.R.P.*, 2024 WL 3189669, at *3 (trial court abused its discretion in finding that declarant was able to pay a portion of the filing fees, where the undisputed evidence established that his expenses were more than his income (citing *Hollingsworth*, 2017 WL 2492788, at *3 (recognizing that "the trial court [is] not free to completely disregard the only evidence establishing [the declarants'] inability to pay costs when no evidence was offered in rebuttal"))); *In re S.T.*, 239 S.W.3d 452, 457 (Tex. App.—Waco 2007, order) (per curiam) (holding same); *Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.—Fort Worth 1990, no writ) (recognizing that a trial court judge "may not completely disregard the only positive evidence he heard" in determining a party's ability to pay court costs).

## IV. CONCLUSION

We grant Y.S.'s motion for review, reverse the trial court's order, and direct the trial court to allow Y.S. to proceed with her petition for name change without payment of court costs or fees.

LISA J. SOTO, Justice

April 22, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

13